JERSEY DISCOUNT COMPANY, PLAINTIFF-RESPONDENT, v. AETNA INSURANCE COMPANY, DEFENDANT-APPEL-LANT.

Submitted January 20, 1942—Decided April 14, 1942.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *Edward H. Backes.*

For the respondent, *Milton Lowenstein.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the First District Court of the City of Newark entered after the trial judge directed the jury to return a verdict in favor of the plaintiff in the sum of $104.35.

The suit was upon a policy of insurance. Plaintiff was engaged in the business of financing the purchase of automobiles and financed the purchase of a car by one Charles Lenkey. Upon default in payments by Lenkey, the plaintiff repossessed the car. When it was repossessed there were missing from the automobile, according to plaintiff, a radio, an electric clock and a bumper guard, items of equipment which had been thereon at the time of delivery to Lenkey. Conceiving that this was a loss covered by the partial theft clause of

the policy in question, plaintiff made demand upon defendant and upon failure of defendant to make payment, instituted this suit.

The automobile was repossessed by plaintiff on August 10th, 1939, at which time the alleged loss was discovered. Under date of August 14th, 1939, a letter was written to the agency in Newark which had issued the policy. Plaintiff's president testified that following the report of loss there were negotiations with representatives of the defendant looking toward settlement of the claim. Under date of March 20th, 1940, defendant's adjuster wrote a letter (*Exhibit P*-4) to plaintiff stating that he was advising the insurer there was no liability. Under date of March 21st, 1940, the agent who issued the policy wrote to plaintiff a letter (*Exhibit P*-5) disclaiming liability for the loss and stating that the policy did not cover such a loss. As of a time late in March, 1940, therefore, it appears that the plaintiff had knowledge that the defendant disclaimed liability. There was no testimony of any negotiations after these letters, the testimony of plaintiff's president on the subject being: "*Q.* And from the time of notification of loss to the defendant insurance company and the dates of these letters you were having negotiations with them as to the settlement of your loss? *A.* Yes."

The policy had a provision that no suit or action for recovery of any claim under the policy should be sustainable in any court unless commenced within twelve months after the happening of the loss. The record discloses that the summons in this case was issued December 11th, 1940, and served December 12th, 1940. As stated, the loss was discovered on the date of the repossession of the car, August 10th, 1939. Suit was started sixteen months later.

In the situation presented, we are of the opinion that it was error to direct a verdict for the plaintiff. The time limit of the policy was called to the attention of the judge in the argument of the motion for direction. Plaintiff now argues that forfeitures are not favored and that such provisions in policies of insurance may be waived or barred by estoppel. This is so, but there must be evidence of conduct that amounts to waiver or estoppel. The defendant made its position known

on March 21st, nearly five months before the limitation of time set by the policy expired. There is no evidence of any conduct thereafter which would indicate a waiver or which could have the effect of lulling the plaintiff into a belief that the provisions of the policy were not to be strictly enforced. It was error to hold that there was waiver or estoppel as a matter of law, which the court must have held when it directed a verdict for the jury. Waiver or estoppel are usually questions of fact, but it is doubtful if in the present case there was sufficient evidence even to submit the question to a jury. Certainly it cannot be said that defendant was barred as a matter of law from the defense sought to be raised.

This result makes it unnecessary to consider the other points raised and requires a reversal of the judgment.